NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0215n.06

No. 21-3883

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CANDELARIA RAFAEL-BAUTISTA; ERIKA ANAHI TERCERO-RAFAEL,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jun 01, 2022
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS

OPINION

Before: SUTTON, Chief Judge; KETHLEDGE and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Candelaria Rafael-Bautista and her minor daughter petition for review of the order of the Board of Immigration Appeals denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss the petition in part and deny it in part.

Rafael-Bautista and her daughter are citizens of Guatemala. They left Guatemala because Rafael-Bautista's estranged partner, Marcos Tercero-Antonio, had hit her and because her daughter was sick. In April 2014, they entered the United States without inspection; the government thereafter initiated removal proceedings. The immigration judge denied their applications for relief and the Board affirmed. This petition for review followed.

When the Board issues its own opinion rather than simply affirming the immigration judge's decision, "we review the [Board]'s decision as the final agency determination." *Khalili v.*

*Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review legal questions de novo and uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *See Umana-Ramos v. Holder*, 724 F.3d 667, 670 (6th Cir. 2013) (quoting 8 U.S.C. § 1252(b)(4)(B)). Our jurisdiction extends only to "claims properly presented to the [Board] and considered on their merits." *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

Rafael-Bautista argues that the Board erred when it denied her claim for withholding of removal. To qualify for that relief, Rafael-Bautista must show that, if she returns to Guatemala, she will "more likely than not" be persecuted "on account of" her membership in a "particular social group." 8 C.F.R. § 1208.16(b). The group to which Rafael-Bautista says she belongs is that of "women in Guatemala who cannot leave domestic relationships." Although threatened "retribution *solely* over personal matters" is insufficient to secure withholding of removal, a petitioner can prevail if she identifies a "broader societal significance intertwined with the personal retribution." *Kamar v. Sessions*, 875 F.3d 811, 818 (6th Cir. 2017) (quotation omitted). But we "cannot simply presume that persecution is on account of a statutory ground." *Al-Ghorbani v. Holder*, 585 F.3d 980, 997 (6th Cir. 2009).

Here, Rafael-Bautista testified that Tercero-Antonio threatened to kill her in 2017, and she provided news reports that intrafamilial violence against women is common in Guatemala. But the record lacks evidence that her former partner made this threat because she is a woman who cannot leave a domestic relationship. Rafael-Bautista in fact left the relationship—she and Tercero-Antonio separated in 2011 and lived in separate homes in the same village for three years. Although he tried to hit her once during that time, Rafael-Bautista's uncle intervened and stopped him. Rafael-Bautista failed to show that the threat on her life was causally related to her status in Guatemala and something other than a personal threat. *Compare Kamar*, 875 F.3d at 818-20. The

record does not compel us to reach a different conclusion than the Board—that Rafael-Bautista presented a "speculative fear of future harm which is lacking a nexus to the claimed protected ground."

Rafael-Bautista also argues that the Board erred when it affirmed the denial of her asylum claim. The immigration judge concluded that Rafael-Bautista's asylum application was untimely because she entered the United States on April 30, 2014, and the Department of Justice did not receive her application until May 1, 2015. But Rafael-Bautista did not challenge the immigration judge's finding in her appeal to the Board, which means we lack jurisdiction to review it here. *Ramani*, 378 F.3d at 560. Rafael-Bautista also contends that the Board violated her right to due process because, she says, its "cursory" decision precludes appellate review. But the Board's conclusion that she did not "meaningfully raise any challenge to" the immigration judge's conclusion suffices for our review here.

We also reject Rafael-Bautista's argument that we should remand her case to the Board for reconsideration in light of *Matter of A-B-*, 28 I. & N. Dec. 307, 309 (A.G. 2021). There, the Attorney General indicated that women in Guatemala who cannot leave domestic relationships are a cognizable social group. But in this case the Board found that Rafael-Bautista had failed to show a risk of future harm "on account of" her membership in that group. 8 C.F.R. § 1208.16(b). And we lack grounds to set aside that finding here. *See Bonilla-Morales v. Holder*, 607 F.3d 1132, 1137 (6th Cir. 2010). Finally, Rafael-Bautista has forfeited any argument as to her claim under the Convention Against Torture since she did not mention it in her opening brief. *See Ramos Rafael v. Garland*, 15 F.4th 797, 800 (6th Cir. 2021).

Rafael-Bautista's petition for review is dismissed in part and denied in part.